**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re )￼ | Case No: 21-09622 |
| Jesus Badillo, )￼ | Chapter: 13 |
| Lesly Badillo, )￼ | |
| Debtors. )￼ | Judge: Hon. Deborah L. Thorne |

### NOTICE OF MOTION

**TO: See attached service list**

PLEASE TAKE NOTICE that on **July 12, 2023** at **9:15 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604 **or** electronically as described below, and present the motion of Toyota Motor Credit Corporation ("Movant"), to Modify the Automatic Stay, a copy which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode**.**

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.**  The meeting ID for this hearing is 160 9362 1728 and the password is N/A. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (**2**) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

BONIAL & ASSOCIATES, P.C.

/s/ Wesley T. Kozeny
Wesley T. Kozeny / # 6199471
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
ILBK@BonialPC.com
Attorney for Movant

3523-N-5928

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this notice and the attached motion was served on each entity shown on the attached list at the address shown and by the method indicated on the list on <u>June 20, 2023</u>.

Respectfully Submitted

/s/ Wesley T. Kozeny
Wesley T. Kozeny

### Service List:

**Debtor's Attorney**                  *via Electronic Notice via CM/ECF*
David Freydin
Law Offices Of David Freydin Ltd
8707 Skokie Blvd Suite 312
Skokie, IL  60077


**Chapter 13 Trustee**                 *via Electronic Notice via CM/ECF*
Marilyn O. Marshall
224 South Michigan Ste 800
Chicago, Illinois 60604


**US Trustee**                         *via Electronic Notice via CM/ECF*
Office of the U.S.Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604

**Debtors**                            *via U.S. Mail*
Jesus Badillo
8155 W. 89Th St.
Hickory Hills, IL 60457

Lesly Badillo
8155 W. 89Th St.
Hickory Hills, IL 60457

3523-N-5928

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No: 21-09622 |
| | ) | |
| Jesus Badillo, | ) | Chapter: 13 |
| Lesly Badillo, | ) | |
| | ) | |
| Debtor(s). | ) | Judge: Hon. Deborah L. Thorne |
| | ) | |

<u>**MOTION FOR RELIEF FROM AUTOMATIC STAY**</u>

COMES NOW Toyota Motor Credit Corporation, its subsidiaries, affiliates, predecessors in interest, successors and/or assigns ("Movant"), through the undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, and states as follows in support of its Motion herein:

***REQUIRED STATEMENT (Form G-4) IS ANNEXED HERETO AND FILED
HEREWITH AS REQUIRED BY LOCAL RULE 4001-1***

1.      On August 16, 2021, the Debtor(s), above-named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court, for the Northern District of Illinois.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334 and applicable local rules. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper in this District under 28 U.S.C. Section 1409(a).

3.      The Debtor(s), Jesus Badillo ("Obligor(s)") is indebted to Movant pursuant to a Retail Installment Contract (the "Debt Obligation"). A copy of the Debt Obligation is attached hereto and incorporated herein as <u>Exhibit A</u>. Movant is entitled to enforce the Debt Obligation.

4.      As security for repayment of the Debt Obligation the Obligor(s) have pledged certain collateral described as <u>2016 TOYOTA 4RUNNER, VIN: JTEBU5JR0G5287498</u> ("Collateral"). A copy of the proof of perfection of Movant's interest

3523-N-5928

is in the Collateral ("Security Interest") is attached hereto and incorporated herein as Exhibit B.

5.      All rights and remedies under the Debt Obligation and Security Interest have been assigned to the Movant.

6.      As of June 20, 2023, the outstanding indebtedness owed to Movant less any partial payments or suspense balance is $26,122.05.

7.      As of June 20, 2023, the value of the Collateral is $29,275.00. The basis for this value is J.D. Power estimate of value. A copy of said valuation is attached hereto as Exhibit C.

8.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Debt Obligation and proposed or confirmed Plan that have been missed by the Debtor as of February 01, 2023:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 04/30/2022 | 04/30/2023 | $309.78 | $301.78 |
| 1 | 05/30/2023 | 05/30/2023 | $638.40 | $638.40 |
| | | | Total: | $940.18 |

Movant's pay log is attached hereto as Exhibit D.

9.      The address to which payments are to be made to Servicer as agent for Movant is:

Toyota Motor Credit Corporation
P.O. Box 9490
Cedar Rapids, Iowa 52409-9490

10.      Cause exists for relief from the automatic stay under 11 U.S.C. §362(d) for the following reasons:

3523-N-5928

a.    <u>11 U.S.C. §362(d)(1)</u> - For cause in that payments required to be made by Obligors to Movant are not being made as required by the Debt Obligation and the terms of the proposed and/or confirmed Plan.

WHEREFORE, Movant prays that this Court issue an Order:

1.    Terminating or modifying the stay imposed by 11 U.S.C. 362(a) allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies in and to the Collateral.

2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.    For such other relief as the Court deems proper.

Dated: <u>June 20, 2023</u>

BONIAL & ASSOCIATES, P.C.


/s/ Wesley T. Kozeny
Wesley T. Kozeny / # 6199471
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
ILBK@BonialPC.com
Attorney for Movant

Form G-4

**REQUIRED STATEMENT**
**TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

Debtor(s) __Jesus Badillo and Lesly Badillo_____ Case No. ___21-09622_____ Chapter __13__

Moving Creditor __Toyota Motor Credit Corporation_____ Date Case Filed __08/16/2021__

Nature of Relief Sought ☒ Lift Stay ☐ Annual Stay ☐ Other (describe) _____

Date of Confirmation Hearing _____11/17/2021____ or Date Plan Confirmed _____11/17/2021____

1. Collateral
   a. ☐ Home
   b. ☒ Car    Year, Make Model    _2016 TOYOTA 4RUNNER, VIN: JTEBU5JR0G5287498_
   c. ☐ Other (describe) _____

2. Balance Owed as of 6/20/2023    __$26,122.05_____
   Total of all other Liens against Collateral    _____

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases) __$29,275.00_____

5. Default
   a. ☐ Pre-Petition Default
      Number of months _____    Amount: _____
   b. ☒ Post-Petition Default
      Number of months _____    Amount: _____
      i. ☒ On direct payments to the moving creditor
         Number of months ___2___    Amount: _$940.18_____
      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months _____    Amount: _____

6. Other Allegations
   a. ☐ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid    Amount _____
      iii. ☐ Rapidly depreciating asset
      iv. ☐ Other (describe): _____
   b. ☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)
   c. ☐ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) _____
      ii. ☐ Multiple Filings
      iii. ☐ Other (describe): _____
   d. Debtor's Statement of Intention regarding the Collateral
      1. ☐ Reaffirm   ii. ☐ Redeem   iii. ☐ Surrender   iv. ☐ No Statement of Intention Filed

Date: _____June 20, 2023_____    _____/s/ Wesley T. Kozeny_____
                                          Counsel for Movant

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622   Doc 43   Filed 06/20/23   Entered 06/20/23 14:11:03   Desc Main
Document   Page 7 of 17
EXHIBIT A

# RETAIL INSTALLMENT SALES CONTRACT
## SIMPLE INTEREST – ILLINOIS

**TOYOTA**
**FINANCIAL SERVICES**

Dealer Number: ▮▮▮▮▮▮       Contract Date: ___06/15/2020___

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**Buyer (and Co-Buyer) - Name(s) and Address(es) (Include County and Zip Code)**
JESUS BADILLO
8155 W 89TH ST
Hickory Hills, County of COOK, IL 60457

**Creditor (Seller) - Name and Business Address**
CLASSIC AUTOMOTIVE, INC.
515 NORTH GREEN BAY ROAD
WAUKEGAN, IL 60085

**Meaning of Words.** In this contract, the words "you," "your" and "yours" refer to the Buyer and Co-Buyer, if any. The word "Creditor" refers to the Creditor (Seller) named above and, after assignment, to Toyota Motor Credit Corporation ("TMCC") and any subsequent assignee.

**Who is Bound.** You may buy the vehicle described below for cash or on credit. The cash price is shown on page two as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the terms on all six pages of this contract and you are individually liable to the Creditor for any amount due.

**Description of Vehicle.** You agree to buy and the Creditor agrees to sell the following vehicle:

**Vehicle**
2016 Toyota 4Runner 4WD 4dr V6 Limited

| New, Used, or Demo | Vehicle Identification Number | Primary Purpose | Odometer Mileage |
|---|---|---|---|
| Used | JTEBU5JR0G5287498 | Personal | 49422 |

**Trade-In Vehicle**
N/A

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $ 0.00 is |
| 7.75 % | $ 9,417.22 | $ 36,547.58 | $ 45,964.80 | $ 45,964.80 |

**Your Payment Schedule Will Be:**

| Number of Payments: | Amount of Each Payment: | When Payments Are Due: |
|---|---|---|
| 72 Regular Payments of | $638.40 | Monthly, beginning 07/30/2020 |
| One Final Payment of | $ N/A | N/A |

**Prepayment.** If you pay off all of your debt early, you will not have to pay a penalty.
**Security.** You are giving a security interest in the vehicle being purchased.
**Other Terms.** Please read all six pages of this contract for additional information about security interests, nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**FOR USED VEHICLES ONLY:** Illinois law requires that this vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the separate addendum entitled "Illinois Waiver of Implied Warranty of Merchantability". "Power train component" means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, transmission, and all internal transmission parts, torque converter, drive shaft, universal joints, real axle and all real axle internal parts, and real wheel bearings. You (the consumer) will have to pay up to $100 for each of the first 2 repairs if the warranty is violated.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622   Doc 43   Filed 06/20/23   Entered 06/20/23 14:11:03   Desc Main
Document   Page 8 of 17

## RETAIL INSTALLMENT SALES CONTRACT
## SIMPLE INTEREST – ILLINOIS



True and Accurate Completed Copy - UCC Non-Authoritative Copy

### Itemization of Amount Financed

| | | |
|---|---|---:|
| 1. | Cash Price (including any accessories, services and taxes) | $ 32,731.58 (1) |
| 2. | Downpayment | |
| | A. Gross Trade-in Value | $ N/A |
| | B. Payoff of Existing Lien or Lease Balance on Trade-in Vehicle | $ N/A |
| | C. Net Trade-in Value (A - B) (indicate if negative number) | $ N/A |
| | D. Cash Downpayment | $ N/A |
| | E. Rebates and Non-Cash Incentives | $ N/A |
| | F. Subtotal (C + D + E) | $ N/A |
| | G. TOTAL DOWNPAYMENT (if Subtotal is negative, Total Downpayment is $0.00) | $ 0.00 (2) |
| 3. | Unpaid Balance of Cash Price (1 minus 2) | $ 32,731.58 (3) |

4. **A** Amounts Paid to Others on Your Behalf (the Creditor, holder, or any of its affiliates may retain or receive a portion of these amounts):

| | | |
|---|---|---:|
| (i) | Price of Optional Credit Insurance Paid to the Insurance Company or Companies Named Below | |
| | Life $ _____ N/A _____ Disability, Accident and Health $ _____ N/A | $ N/A |
| (ii) | Price of Optional Mechanical Breakdown Protection or Service Contract Purchased from the Creditor - Covering Certain Mechanical Repairs | $ 2,195.00 |
| (iii) | Price of Optional Debt Cancellation Coverage or Guaranteed Auto Protection ("GAP") Purchased from the GAP Provider Named Below – Covering a Waiver of Deficiency upon Total Loss of Vehicle After Receipt of GAP Payment | $ 995.00 |
| (iv) | Documentary Fee Paid to the Creditor | $ 300.00 |
| (v) | Other Charges (Creditor must identify who will receive payment and describe purpose) | |

| | | |
|---|---|---:|
| To CVR | For Electronic Filing Fee | $ 25.00 |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |
| To N/A | For N/A | $ N/A |

**B** Other Amounts Paid to Others on Your Behalf

| | | |
|---|---|---:|
| (i) | Official Fees Paid to Public Officials | $ N/A |
| (ii) | Taxes Paid to Government Agencies (Not Included in Cash Price) | $ N/A |
| (iii) | Government License Fees | $ N/A |
| (iv) | Government Registration Fees | $ N/A |
| (v) | Government Certificate of Title Fees | $ 301.00 |

| | | |
|---|---|---:|
| | Total Other Charges and Amounts Paid to Others on Your Behalf | $ 3,816.00 (4) |
| 5. | Amount Financed - Unpaid Balance (3 plus 4) | $ 36,547.58 (5) |

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622    Doc 43    Filed 06/20/23    Entered 06/20/23 14:11:03    Desc Main
Document    Page 9 of 17

# RETAIL INSTALLMENT SALES CONTRACT
# SIMPLE INTEREST – ILLINOIS

**TOYOTA**
**FINANCIAL SERVICES**

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

## REQUIRED PHYSICAL DAMAGE INSURANCE

**Physical damage insurance is required, but you may provide the required insurance coverage through an existing policy of insurance owned or controlled by you or through anyone you want who is reasonably acceptable to the Creditor.** If you buy it through the Creditor and are accepted by the insurance company, the policies or certificates issued by the insurance company will describe the terms and conditions. The purchase price of this insurance is not financed as part of this contract. If purchased through the Creditor, the following will apply:

Premium $ _____N/A_____

Insurance Company _____N/A_____    Term: ___N/A___ months

☐ $ ____N/A____ Deductible Collision AND

☐ $ ____N/A____ Deductible Other than Collision including Fire, Theft and Combined Additional Coverage

## OPTIONAL INSURANCE AND OTHER OPTIONAL PRODUCTS

**Optional Credit Insurance. Credit life insurance and credit disability insurance are not required to obtain credit** and will not be provided unless you sign and agree to pay the additional cost, which is shown below and in 4A(i) of the Itemization Section.

☐ **Credit Life -** ☐ Single Coverage (Buyer Only)    ☐ Joint Coverage    Term (Months) ___N/A___    Premium $ _____N/A

**APPROVAL: YOU WANT TO OBTAIN THE OPTIONAL CREDIT INSURANCE DESCRIBED BELOW AND FOR WHICH YOU HAVE SEPARATELY SIGNED.**

| Buyer Signature | | Date | Co-Buyer Signature | | Date |
|---|---|---|---|---|---|
| **N/A** | A | N/A | **N/A** | A | N/A |

☐ **Credit Disability -** Single Coverage (Buyer Only)    Term (Months) ___N/A___    Premium $ _____N/A

**APPROVAL: YOU WANT TO OBTAIN THE OPTIONAL CREDIT INSURANCE DESCRIBED BELOW AND FOR WHICH YOU HAVE SEPARATELY SIGNED**

| Buyer Signature | | Date | Co-Buyer Signature | | Date |
|---|---|---|---|---|---|
| **N/A** | B | N/A | **N/A** | B | N/A |

If you elect optional credit insurance coverage and are accepted by the insurance company, the terms and conditions will be as described in the policies or certificates issued by the insurance company. The original amount of the decreasing term credit life insurance will not exceed $ ____N/A____. Credit disability insurance payments will equal the monthly payment amount but will not be more than $ _____N/A_____.

Insurance Company _____N/A_____.

**You, the buyer, may cancel Credit Life or Credit Disability Insurance and receive a refund of the entire premium subject to the following conditions:** (i) All Buyers must join in the request; (ii) The request must be in writing; (iii) The request must be made within 15 days of the date that you receive your insurance policy. **In the event of cancellation, as outlined above, the insurance will be completely void.**

**THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**Optional Debt Cancellation Contract or Guaranteed Auto Protection ("GAP").** GAP is not required to obtain credit and you may purchase it from anyone you want who is reasonably acceptable to the Creditor. You may purchase GAP under this contract by signing below and agreeing to pay the purchase price to the Creditor, which is shown in 4A(iii) of the Itemization Section. If you elect this optional GAP coverage and are accepted by the GAP provider, the terms and conditions will be as described in the GAP agreement issued by that provider.

GAP Provider __TMIS__

**APPROVAL: YOU WANT TO OBTAIN THE GUARANTEED AUTO PROTECTION DESCRIBED ABOVE.**

| Buyer Signature | | Date | Co-Buyer Signature | | Date |
|---|---|---|---|---|---|
| *JESUS BADILLO* | C | 06/15/2020 | **N/A** | C | N/A |

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622    Doc 43    Filed 06/20/23    Entered 06/20/23 14:11:03    Desc Main
Document    Page 10 of 17

# RETAIL INSTALLMENT SALES CONTRACT
# SIMPLE INTEREST – ILLINOIS

**🚗 TOYOTA**
**FINANCIAL SERVICES**

## Other Important Agreements

**1. Payments Before or After Scheduled Due Date.** This is a simple interest contract. This means that the amount of the Finance Charge may vary. The Finance Charge and Total of Payments shown on page one of the contract are based on the assumption that all payments are made when due. The Creditor credits each payment first to accrued Finance Charge, then to the unpaid balance of the Amount Financed and the remainder to unpaid charges. The Creditor computes your Finance Charge each day on the unpaid balance of the Amount Financed. The earlier you make payments before their due dates, the less Finance Charge you will owe. The Creditor will send you a check if the amount owed to you after your last payment is greater than $5.00. To receive a refund that is less than $5.00 but greater than $1.00, contact the Creditor. The later you make payments after they are due, the greater the Finance Charge. The Creditor will advise you of any additional amount you owe at the end of the contract term. You understand that payment of any installment after it is due will be a default on your part as stated below.

**2. Ownership, Location and Risk of Loss.** You agree to pay the Creditor all you owe under this contract even if the vehicle is damaged, destroyed or missing. You agree not to sell, transfer, rent, lease or remove the vehicle from the state in which you reside on the date of this contract without the prior written permission of the Creditor. The vehicle will be kept at the address you specify in this contract unless another address is provided to the Creditor in writing. You will notify the Creditor in writing of any change in your address where the vehicle is regularly located. Under no circumstances will you be permitted to remove the vehicle from the United States, except to Canada and then only for a period of **30** days. You agree not to expose the vehicle to misuse or confiscation, forfeiture or other involuntary transfer regardless of whether the vehicle becomes the subject of formal judicial or administrative proceedings. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title.

**3. Taxes and Other Charges.** You are responsible for and will pay when due all taxes, repair bills, storage bills, fines, and other charges and assessment in connection with the vehicle. If you fail to pay these amounts the Creditor may do so for you. If the Creditor does so, you agree to repay the amount when the Creditor asks for it. You agree to comply with all registration, licensing, tax and title laws applicable to the vehicle.

**4. Security Interest.** You hereby grant the Creditor a security interest in: (i) the vehicle being purchased, any accessories, equipment, accessions and replacement parts installed in the vehicle; (ii) insurance premiums and charges for mechanical breakdown protection, or service contracts returned to the Creditor; (iii) proceeds of any insurance policies, mechanical breakdown protection, guaranteed auto protection or service contracts on the vehicle; and (iv) proceeds of any insurance policies on your life or health which are financed in this contract. This secures payment of all amounts you owe in this contract and in any transfer, renewal, extension, refinancing or assignment of this contract. This also secures your other agreements in this contract.

**5. Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The physical damage insurance must name the Creditor as loss payee and must require **10** days advance written notice to the Creditor before any cancellation or reduction in the insurance coverage. You agree to deliver promptly to the Creditor whatever written proof of insurance coverage the Creditor may reasonably request. At any time during the term of this contract, if you do not have physical damage insurance which covers both the interest of you and the Creditor in the vehicle, then the Creditor may buy it for you. If the Creditor does not buy physical damage insurance which covers both interests in the vehicle, it may, if it decides, buy insurance which covers only the Creditor's interest.

The Creditor is under no obligation to buy any insurance, but may do so if it desires. If the Creditor buys either of these coverages, it will let you know what type it is, and the charge you must pay. The charge will consist of the cost of the insurance and a finance charge at the Annual Percentage Rate applicable to this contract or, if that rate is not authorized, the highest lawful contract rate. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that the Creditor can use any insurance settlement either to repair the vehicle or to apply to your debt.

**6. Default.** You are in default if: (i) you fail to make a regularly scheduled installment payment within 10 days of its due date; (ii) any event occurs which substantially impairs the value of the vehicle; (iii) a proceeding in bankruptcy, receivership or insolvency is instituted by or against you or your property; or (iv) you breach any of your agreements or obligations under this contract or if you die.

**7. Late Payment.** Acceptance of a late payment does not excuse your late payment or mean that you can keep making payments after they are due. The Creditor may also take the steps set forth below if there is any late payment.

**8. Optional Insurance or Optional Contracts.** This contract may contain charges for optional insurance, mechanical breakdown protection or service contracts. If you default in your obligations under this contract, you agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

## NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.
If you have purchased either credit life or credit disability insurance, or both, to guarantee payments being made in case of your death or disability, on your vehicle purchased under an installment sales contract, you may be entitled to a partial refund of your premium if you pay off your installment loan early.

In case of early complete payment of your loan, you should contact the seller of your credit life or credit disability insurance to see if a refund is due. If your vehicle dealer financed your loan, the seller of your credit life or credit disability insurance is your vehicle dealer.

**9. Optional Contract Charges Returned to Creditor.** Any refund on optional insurance or mechanical breakdown protection or service contracts obtained by the Creditor will be credited to your account. These credits will be applied to as many of your installments as they will cover, beginning with the final installment.

**10. Required Repayment in Full Before the Scheduled Date.** If you are in default, the Creditor can accelerate the payments under this contract and demand that you pay all that you owe at once.

**11. Repossession of the Vehicle.** If you are in default, the Creditor can take the vehicle from you (repossession). To take the vehicle the Creditor can enter your property, or the property where it is stored, so long as it is done peacefully and lawfully. If there is any personal property in the vehicle, such as clothing, the Creditor can store it for you. Any accessories, equipment or replacement parts will remain with the vehicle.

**12. Getting the Vehicle Back After Repossession.** If the Creditor repossesses the vehicle, state law may permit you to get it back (redeem) by curing any payment or other default(s) within the time allowed in the cure notice. If state law does not permit you to cure your default(s) in this manner, you may redeem the vehicle by paying the entire amount you owe on the contract (not just past due payments) plus, to the extent permitted by law, the cost of taking and storing the vehicle, and other expenses that the Creditor or its assignee has had. Your right to redeem will end when the vehicle is sold or when the Creditor enters into a contract for its disposition, whichever occurs first.

**13. Sale of the Repossessed Vehicle.** The Creditor will send you a written notice of sale within the time period required by law notifying you of the time and place of any public sale and the time after which any private sale would occur. If you do not redeem the vehicle by the date on the notice, the Creditor can sell it. The Creditor will use the net proceeds of the sale to pay all or part of your debt.

The net proceeds of the sale will be figured this way. Any charges for taking, storing, cleaning, advertising, leasing and/or selling the vehicle, and any reasonable attorneys' fees and court costs will be subtracted from the selling price.

If you owe the Creditor less than the net proceeds of sale, the Creditor will pay you the difference, unless required to pay it to someone else.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622   Doc 43   Filed 06/20/23   Entered 06/20/23 14:11:03   Desc Main
Document   Page 11 of 17

# RETAIL INSTALLMENT SALES CONTRACT
## SIMPLE INTEREST – ILLINOIS

**TOYOTA**
**FINANCIAL SERVICES**

For example, the Creditor may be required to pay a lender who has given you a loan and also taken a security interest in the vehicle.

**14. Attorneys' Fees.** You agree to pay the Creditor's reasonable attorneys' fees incurred in connection with the collection or enforcement of this contract.

**15. Credit Information.** You hereby authorize the Creditor to investigate your creditworthiness and credit capacity in connection with the establishment, maintenance and collection of your account and to furnish information concerning your account, including insurance information, to credit reporting agencies and others who may lawfully receive such information.

**16. Delay in Enforcing Rights and Changes in this Contract.** The Creditor can delay or refrain from enforcing any of its rights under this contract without losing them. For example, the Creditor can extend the time for making some payments without extending others. Any change in the terms of this contract must be in writing and signed by the Creditor. No oral changes are binding. If any part of this contract is not valid, all other parts will remain enforceable.

**17. Interest after Maturity.** If there is a balance due 15 days after this contract matures, you agree to pay interest at the Annual Percentage Rate applicable to this contract, or if that rate is not authorized, the highest lawful rate.

**18. Warranties Seller Disclaims.** You understand that the Seller is not offering any express warranties unless: (i) the Seller extends a written warranty; or (ii) the window form for a used or demonstration vehicle states that the Seller is giving express warranties.

**In addition, except as otherwise required by Illinois law, there are no implied warranties of merchantability or fitness for a particular purpose or any other implied warranties by the Seller covering the vehicle unless: (i) the Seller extends a written warranty; (ii) within 90 days from the date of this contract, you enter into a service contract with the Seller which applies to the motor vehicle being purchased; or (iii) the window form for a used or demonstration vehicle states that the Seller is giving warranties. Pursuant to Illinois law, an implied warranty of merchantability exists until midnight of the fifteenth calendar day after delivery of a used motor vehicle or until a used motor vehicle is driven five hundred miles after delivery, whichever is earlier. To the extent permitted by state law, neither the Seller nor TMCC have responsibility to you or to any other person with respect to any interruption of service, loss of business or anticipated profit or consequential damages.**

An implied warranty of merchantability generally means that the vehicle is fit for the ordinary purpose for which such vehicles are generally used. A warranty of fitness for a particular purpose is a warranty that may arise when the Seller has reason to know the particular purpose for which you require the vehicle and you rely on the Seller's skill or judgment to furnish a suitable vehicle.

This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**19. Governing Law.** This contract will be governed by the laws of the State of Illinois.

**20. Returned Instrument Charge.** You agree to pay the Creditor a check collection charge, as authorized by law, in addition to any amount charged by the financial institution for each check, draft or other form of payment which is returned or dishonored for any reason.

**21. General.** This contract is the entire agreement between you and the Creditor. If there is more than one Buyer, each Buyer's obligations hereunder shall be joint and several. The Creditor is not bound by any statements or representations made by agents or sales people if not contained in this contract. Any change to this contract must be in writing and signed by you and the Creditor. The Creditor does not give up any of its rights by delaying or failing to exercise them on any occasion. The Creditor will retain possession of the Vehicle's key code.

**22. Used and Demonstration Car Buyer's Guide. The Information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in this contract of sale.** The preceding NOTICE applies only to a used or demonstration vehicle sale.

**Guía Para Compradores de Vehículos Usados o Demostraciones. La Información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La Información del formulario de la ventanilla deja sin efecto todas las disposiciones en contrario contenida en el contrato de venta.** El AVISO anterior se aplica solamente a la venta de vehículo usado o demostración.

**23. Electronic Contracting and Signature Acknowledgement.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**The preceding NOTICE applies only to goods or services obtained primarily for personal, family, household or agricultural use. In all other cases, you will not assert against any subsequent holder or assignee of this contract any claims or defenses you (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.**

True and Accurate Completed Copy - UCC Non-Authoritative Copy

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 21-09622   Doc 43   Filed 06/20/23   Entered 06/20/23 14:11:03   Desc Main
Document   Page 12 of 17

## RETAIL INSTALLMENT SALES CONTRACT
## SIMPLE INTEREST – ILLINOIS

**TOYOTA**
**FINANCIAL SERVICES**

---

**THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE CREDITOR.
THE CREDITOR MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT
TO RECEIVE A PART OF THE FINANCE CHARGE.**

---

**Receipt of Goods and Promise to Pay.** You agree that you have received the vehicle and/or services described above, and have accepted delivery of the vehicle in good condition. Subject to the terms and conditions on all six pages of this contract, you promise to pay to the Creditor the Total Sale Price shown above by making the Total Downpayment and paying the Creditor the Total of Payments in accordance with the Payment Schedule shown on page one and all other amounts due under this contract.

**DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.**

**IMPORTANT: READ THE ADDITIONAL TERMS ON ALL SIX PAGES BEFORE SIGNING BELOW:**

NOTICE TO THE BUYER: 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due.

You signed this contract and received a completely filled in copy.

### RETAIL INSTALLMENT CONTRACT

| | | |
|---|---|---|
| Buyer Signature | *JESUS BADILLO*  [D] | Date 06/15/2020 |
| Name: | JESUS BADILLO | |
| Co-Buyer Signature | N/A  [D] | Date N/A |
| Name: | N/A | |
| Creditor Signature | *Mark Sadacca*  [D] | Date 06/15/2020 |
| Name: | CLASSIC AUTOMOTIVE, INC. | Title: Finance Manager |

Co-Buyer acknowledges and agrees to be primarily obligated under this contract. By signing above, Co-Buyer hereby certifies that: 1) you have received the vehicle; or 2) you are a parent or spouse of the Buyer; or 3) you are to be listed as an owner of the Vehicle on the Certificate of Title.

# NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION

**SELLER'S ASSIGNMENT**

Seller sells and assigns to Toyota Motor Credit Corporation ("TMCC") all of its rights, title and interest in this Contract in accordance with the terms of the Retail Sales Financing Agreement between Seller and TMCC.

Toyota Financial Services is a service
mark of Toyota Motor Credit Corporation.

- This copy was created on Mon Jun 15 09:38:52 GMT 2020

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

# STATE OF ILLINOIS

## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| JTEBU5JR0G5287498 | 2016 | TOYOTA | 4RUNNER | UTILITY | 20181693803 |

JTEBU5JR0G5287498

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 06/29/20 | 49422 | | | 06/15/20 USED | ORIGINAL |

49422

MAILING ADDRESS

**LEGEND(S)**
ACTUAL MILEAGE

TOYOTA MOTOR CREDIT CORP
PO BOX 105386
ATLANTA GA 30348-5386

OWNER(S) NAME AND ADDRESS

JESUS BADILLO
8155 W 89TH ST
HICKORY HILLS IL 60457-1454

FIRST LIENHOLDER NAME AND ADDRESS

TOYOTA MOTOR CREDIT CORP
PO BOX 105386
ATLANTA GA 30348-5386

SECOND LIENHOLDER NAME AND ADDRESS

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

By _____ Date _____
Firm Name    Signature of Authorized Agent

By _____ Date _____
Firm Name    Signature of Authorized Agent

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.

Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
**WARNING-ODOMETER DISCREPANCY.**

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

[ NO ] TENTHS
ODOMETER READING

Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____ DATE OF SALE _____
I am aware of the above odometer certification made by seller.

Signature(s) of Buyer(s) _____ Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any.
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF
THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.

*Jesse White*

## DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

---

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
**NOTICE OF SALE**

SEE INSTRUCTIONS ON REVERSE

| | | Date |
|---|---|---|
| Name of Seller (Current Registered Owner) | Name of Buyer | |
| Complete Address of Seller | Complete Address of Buyer | |

## J.D. POWER

**J.D. POWER Used Cars/Trucks**

## Vehicle Information

| Vehicle: | **2016 Toyota 4Runner Utility 4D SR5 4WD 4.0L V6** |
| Region: | **Central** |
| Period: | **June 1, 2023** |
| VIN: | **JTEBU5JR0G5287498** |
| Mileage: | **97,500** |
| Base MSRP: | **$35,385** |
| Typically Equipped MSRP: | **$36,880** |
| Weight: | **4,675** |



## J.D. POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly** | | | | |
| **Trade-In** | | | | |
| Rough | $23,625 | N/A | N/A | **$23,625** |
| Average | $25,100 | N/A | N/A | **$25,100** |
| Clean | $26,300 | N/A | N/A | **$26,300** |
| | | | | |
| Clean Loan | $23,675 | N/A | N/A | **$23,675** |
| Clean Retail | $29,275 | N/A | N/A | **$29,275** |
| **Weekly** | | | | |
| **Auction** | | | | |
| Low | $19,425 | $48 | N/A | **$19,473** |
| Average | $22,625 | $48 | N/A | **$22,673** |
| High | $25,850 | $48 | N/A | **$25,898** |
| **Trade-In** | | | | |
| Rough | $22,600 | N/A | N/A | **$22,600** |
| Average | $24,050 | N/A | N/A | **$24,050** |
| Clean | $25,225 | N/A | N/A | **$25,225** |

**J.D. POWER**

6/1/2023

**J.D. POWER Used Cars/Trucks**

|  | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Clean Loan | $22,725 | N/A | N/A | **$22,725** |
| Clean Retail | $28,150 | N/A | N/A | **$28,150** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

| Creditor: | Toyota Motor Credit Corporation |
|---|---|
| Debtor: | Jesus Badillo |
| Case No.: | 21-09622 |
| Loan No.: | xxxxxx9654 |
| Our File No.: | 3523-N-5928 |
| Collateral: | 2016 Toyota 4Runner |

**PAYMENTS RECEIVED**

| | |
|---|---|
| Loan Status as of: | 6/20/2023 |
| Initial Due Date: | 8/30/2021 |
| Due Date Change: | |
| BK Filing Date: | 8/16/2021 |

| Date Received | Amount Received | Due Date | Amount Due | NSF/Late Charges/Other | Paid Over/Short | Description |
|---|---|---|---|---|---|---|
| | $ - | 8/30/2021 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 8/22/2021 | $ 7.62 | | | $ - | $ 7.62 | suspense acct |
| 8/23/2021 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| 9/23/2021 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 9/30/2021 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| | $ - | 10/30/2021 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 11/24/2021 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 11/30/2021 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 12/22/2021 | $ 940.00 | | | $ - | $ 940.00 | Funds Received |
| | $ - | 12/30/2021 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 1/26/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 1/30/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 2/18/2022 | $ 650.00 | | | $ - | $ 650.00 | Funds Received |
| | $ - | 2/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| | $ - | 3/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 4/4/2022 | $ 636.00 | | | $ - | $ 636.00 | Funds Received |
| | $ - | 4/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 5/2/2022 | $ 636.00 | | | $ - | $ 636.00 | Funds Received |
| | $ - | 5/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 6/10/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 6/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 7/8/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 7/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 8/5/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 8/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 9/10/2022 | $ 635.00 | | | $ - | $ 635.00 | Funds Received |
| | $ - | 9/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 10/14/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 10/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 11/12/2022 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 11/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| | $ - | 12/28/2022 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 1/5/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 1/28/2023 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 2/3/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| 2/17/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 2/28/2023 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 3/2/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 3/28/2023 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 4/15/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| | $ - | 4/28/2023 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| | $ - | 5/28/2023 | $ 638.40 | $ - | $ (638.40) | Payment Accrued |
| 6/12/2023 | $ 640.00 | | | $ - | $ 640.00 | Funds Received |
| **Total:** | **$ 13,104.62** | | **$ 14,044.80** | **$ -** | **$ (940.18)** | |